# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WALLACE L. LAWRENCE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 06-154-RAW-KEW |
| | ) |
| **DEPARTMENT OF CORRECTIONS,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust his available state court remedies. Petitioner, an inmate currently incarcerated at the John Lilley Correctional Facility in Boley, Oklahoma, alleges he wrongfully was deprived of 365 earned credits. Construing his petition liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), he is complaining he was denied due process in the disciplinary hearing, and the prison law clerk who was assisting him made errors in handling his case.

The record shows that on January 17, 2005, petitioner received a misconduct for three attempted law violations while incarcerated at the Mangum Community Work Center. The violations were based on a handwritten letter from petitioner to Judith Donovan that was intercepted and read by a corrections officer. The letter asked Ms. Donovan to meet him at St. John's Baptist Church in Mangum, Oklahoma, no later than 11:45 a.m. on Sunday, January 23, 2005. Petitioner directed Ms. Donovan to park on the side of the church and wait for him. He promises to "do the nasty in the car for about 15 to 20 minutes." He also asks

her to bring "a sack of that stuff" she brought him at Chickasha. According to the Incident Report, in 2004 petitioner was in the Grady County Jail, which is in Chickasha. The Offense Report charged him with attempting (1) to escape by entering a vehicle without approval, (2) to obtain illegal drugs ("that stuff"), and (3) to commit public indecency by having sexual intercourse in a public parking lot.

On February 1, 2005, petitioner was given a copy of the written Offense Report, and he requested a hearing. With respect to witness testimony, the investigator attempted several times to contact Judith Donovan by telephone at the number provided by petitioner. Ms. Donovan, however, did not answer her phone or return the investigator's messages. On February 4, 2005, petitioner was found guilty of the misconduct, based on the intercepted letter and the correctional officer's report. In addition, the investigator stated the handwriting in the letter to Ms. Donovan looked the same as other samples of petitioner's handwriting. The facility head affirmed the decision on February 7, 2005.

Petitioner filed an Offender's Misconduct Appeal Form, alleging he was not permitted to present relevant witnesses or written witness statements, he was not allowed to present relevant documentary evidence, and he was not provided a hearing officer without direct involvement. The misconduct was affirmed on February 23, 2005, with a finding that the hearing officer did not have direct involvement, and there was no evidence to support petitioner's claim that the investigator had made a derogatory remark about petitioner. Petitioner requested one witness, but the witness did not respond to attempts to contact her. On April 12, 2005, the DOC Director's Designee concurred with the decision to affirm the misconduct, finding that due process was provided in the disciplinary process.

On June 7, 2005, petitioner filed a petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2241, in the United States District Court for the Western District of Oklahoma. *Lawrence v. Evans*, No. CIV 05-653-C (W.D. Okla. Oct. 18, 2005). The respondent moved to dismiss the petition for failure to exhaust a new state court remedy, pursuant to Okla. Stat. tit. 57, § 564.1. *Id.*, slip op. at 1. Petitioner agreed that he had failed to exhaust and requested dismissal of the action without prejudice. *Id.* The Western District granted the respondent's motion to dismiss and dismissed petitioner's petition without prejudice. *Id.*, slip op. at 2-3.

On November 28, 2005, petitioner filed a petition for a writ of mandamus, pursuant to Okla. Stat. tit. 57, § 564.1, in the Oklahoma County District Court. He alleged he was not the author of the letter to Ms. Donovan, and he never left the prison, so he did not attempt the alleged charges. *Lawrence v. Evans*, No. CJ-2005-9249, slip op. at 2 (Okla. County Dist. Ct. Jan. 6, 2006). The state district court reviewed petitioner's disciplinary proceedings and found the disciplinary hearing "was sufficient to meet the some/any evidence standard and supports the finding of guilt by the hearing officer." *Id.* That court further found that petitioner was afforded the due process rights required by *Wolfe v. McDonnell*, 418 U.S. 539 (1974). *Id.* The state district court then denied petitioner's petition, finding his application failed to name the proper respondent, and it was untimely under Okla. Stat. tit. 57, § 564.1. *Id.* The Oklahoma Court of Criminal Appeals affirmed the Oklahoma County District Court's decision, noting that petitioner's mandamus action, which was filed after his 90-day filing deadline of August 9, 2005, was procedurally barred as untimely and for having been brought against an improper party.[1] *Lawrence v. Oklahoma*, No. MA-2006-78, slip op. at 2

---

[1] The state district court calculated the 90 days as beginning when the statute was enacted on May 10, 2005. *Lawrence*, No. CJ-2005-9249, slip op. at 2.

3

(Okla. Crim. App. Mar. 24, 2006).

The respondent alleges petitioner's petition must be dismissed as procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Oklahoma Court of Criminal Appeals denied relief for petitioner's failure to comply with the filing requirements of Okla. Stat. tit. 57, § 564.1. *Lawrence*, No. MA-2006-78, slip op. at 2. "The law of procedural defaults [] applies to preclude federal habeas review of claims that have not been adjudicated on the merits by a state court because of noncompliance with a state procedural rule." *Breechen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir. 1994), *cert. denied*, 515 U.S. 1135 (1995).

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage," infecting the entire proceedings with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner attempts to show "cause" by alleging the prison law clerk's failure to perform his duties resulted in the denial of relief for petitioner. He is complaining that the law clerk "disregarded the favorable ruling [by the Western District Court], and pursued redress in the state court" which was unsuccessful [Docket #1 at 2]. The record shows that

4

the law clerk followed the directions set forth by the Western District. Petitioner apparently is asserting the law clerk should not have filed the state mandamus petition. If that petition had not been filed, however, petitioner would still be in the same position of having failed to exhaust his state court remedies.

Petitioner argues in his response to the motion to dismiss [Docket #9] that he was not provided a copy of the new state statute, Okla. Stat. tit. 57, § 564, which was enacted on May 10, 2005, until the prison law library received a copy of the statute in late September 2005. He, therefore, was unable to meet his August 9, 2005, deadline for judicial review. Citing *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2000), he argues the 90-day period for pursuing his judicial remedy began to run when the statute became accessible in the prison law library, extending his 90-day deadline to late December 2005. Under this analysis, he asserts his November 28, 2005, mandamus petition was timely.

This argument fails on two fronts. *Easterwood* concerned the running of the one-year statute of limitations in federal habeas corpus actions, not state statutes. *Id*. at 1323 (citing 28 U.S.C. § 2244(d)(1)(D)). More important, a review of the docket sheet for petitioner's original habeas petition in the Western District of Oklahoma clearly shows the respondent provided petitioner with a copy of Okla. Stat. tit. 57, § 564.1 as "Exhibit 2" to the respondent's motion to dismiss, filed on July 12, 2005. *Lawrence*, No. CIV-05-653-C (W.D. Okla). Petitioner acknowledges he first learned of the new statute from the July 12, 2005, motion. Petitioner, therefore, clearly had actual notice of the change in the law in time to properly exhaust his state court remedies. *See Easterwood*, 213 F.3d at 1323 n.2 ("[T]he district court is not necessarily limited to determining when the prison law library had a copy of [the legal materials at issue]--it also may consider any evidence that [petitioner] had access

5

to the information [] through [other] means.").

Based on the foregoing reasons, the court finds petitioner has not shown "cause" for his procedural default. The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)).

Contrary to his position in the state mandamus action, petitioner apparently now is admitting he wrote the letter to his girlfriend, but he insists he was not requesting a drug delivery or attempting to escape [Docket #9 at 4-6]. Instead, he was asking Ms. Donovan to bring a "SACK OF SOME GOOD HOME FRIED COOKING & DESSERT," like she had brought him at the Chickasha Jail. He explains that his intention was to obtain prior approval to attend church and then to meet Ms. Donovan there. He concedes the proposed sexual encounter "may have been inappropriate," but if he met her at the church at 11:45 a.m., they would not have had "that much time to have sex." Furthermore, if he had planned to escape, they would not have had sex in a parking lot, but would have waited until they reached their destination after leaving the parking lot. Petitioner continues his assertion of innocence by maintaining the letter was merely a "fantasy," and it's confiscation prevented him from abandoning the fantasy.

After careful review, the court finds that, even under a liberal construction of petitioner's pleadings, he has failed to make a colorable showing of factual innocence of the misconduct. He, therefore, has not demonstrated a fundamental miscarriage of justice.

**ACCORDINGLY,** respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #6] is GRANTED, and this action is DISMISSED in its entirety.

**Dated this 9th Day of February 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma